EDGERTON and another, administrators of *Jacob Edgerton,* against EDGERTON.

A promissory note for the payment of money, not expressed to be *for value received,* is not a specialty importing a consideration.

Where the plaintiff, in an action on such note, stated in one count of the declaration, as the consideration of such note, an indebtedness of the maker to the payee, "being part of the purchase money of certain lands, sold and conveyed, by the payee, to the maker;" and offered, in support of such averment, evidence of an admission by the maker, that he owed the payee a note of the same amount towards a farm which he had purchased of him, without producing the deed, or proving, by any written evidence, the sale and conveyance; it was held, that the evidence so offered was admissible, and might of itself be sufficient to prove the consideration stated.

THIS was an action on a promissory note of the tenor following: "*Granby, August* 16, 1816. In four years after date, I promise to pay *Jacob Edgerton* one hundred dollars, and interest.                              *Lanson Edgerton.*"

The declaration contained three counts. One was on the note in the usual form, except that instead of an averment of *value received,* the allegation was "meaning for value received." The second averred, that *for a valuable consideration,* the defendant executed the note. The third count stated, that the

defendant was indebted to the deceased in the sum of 100 dollars, being part of the purchase money of certain lands, bargained, sold and conveyed, by the deceased, to the defendant, at his request ; and being so indebted, the defendant executed the note in question.

On the trial, at *Hartford, February* term, 1830, before *Bissell*, J., the first count was abandoned. On the second, the plaintiffs claimed, that the note imported a consideration ; and the jury were so instructed. On the third count the plaintiffs offered parol testimony to prove the admission of the defendant, that he owed the deceased a note of 100 dollars towards a farm, which he had purchased of him. This evidence was objected to, and admitted. The judge instructed the jury, that to entitle the plaintiffs to a verdict on the third count, they must have proved the consideration therein stated. The jury returned a verdict for the plaintiffs on the second and third counts. The defendant moved for a new trial.

*Child*, in support of the motion, contended, 1. That the note in suit did not import a consideration. To give it this effect, it must be considered either as a bill of exchange or a specialty.

First, it has not the qualities of a bill of exchange. It is not within the provisions of the stat. 3 & 4 *Ann.* nor within the provisions of our statute making notes negotiable, passed in *October* 1811. Secondly, this is not a specialty. An agreement reduced to writing, but not under seal, is still a simple contract ; and a sufficient consideration is as necessary to support it, as if it had remained in parol. *Rann* v. *Hughes*, 7 *Term Rep.* 350. n. *Burnet* v. *Bisco*, 4 *Johns. Rep.* 235. That such is the rule of the common law, will hardly be questioned. In *Connecticut*, we have a peculiar practice as to *the form of declaring* on a promissory note ; but this does not affect *the nature* of the instrument. In *Slocum* v. *Sanford*, 2 *Conn. Rep.* 533. it was decided, that promissory notes are simple contracts. The late Ch. J. *Swift* says: "Where no value received is acknowledged in the note, there must be an allegation of consideration, and proof at the trial." 1 *Swift's Dig.* 429.

2. That parol proof was inadmissible to shew the consideration set up in the third count ; and the jury should have been instructed, that they must find a sale of land, by deed, or by a

*Hartford,*
June, 1830.

Edgerton
*v.*
Edgerton

*Hartford,*
*June, 1830.*

Edgerton
*v.*
Edgerton.

written contract, in order to sustain a verdict on this count. Here the plaintiffs have thought proper to state a specific consideration, *viz.* the purchase money of land sold and conveyed, and they must shew a legal sale and conveyance; which could not be, by parol. *Rossiter* v. *Marsh, 4 Conn. Rep.* 197.

*Toucey,* contra, contended, 1. That although a contract reduced to writing, if not sealed, is, at common law, a simple contract, and must have a consideration to support it; yet in *Connecticut,* a promissory note for the payment of money, not negotiable, is, and always has been, regarded as a specialty, and imports a consideration. It is declared upon with a *profert;* it *merges* a simple contract; and is placed upon the same footing with a bond, by the statute of limitations. *Swift's Evid.* 339. 1 *Swift's Dig.* 429. The note in *Slocum* v. *Sanford,* 2 *Conn. Rep.* 534. was held to be a simple contract solely on the ground of its being *negotiable.* In that case, *Swift,* Ch. J., says, that "promissory notes, in this state, have been treated as *specialties,* and declared on as instruments. But (he adds) as by statute notes payable *to order* have been made negotiable, the consequence is, that *notes of that description cease to be specialties.*" In *Hovey* v. *Magill,* 2 *Conn. Rep.* 685. *Gould,* J. observes, that "promissory notes not negotiable, have, from time immemorial, been regarded and treated, in our courts of justice, as *specialties.*" In *Allen* v. *Smith,* 5 *Day,* 337. the note in suit did not contain the clause *value received,* and was declared on as an instrument, without any averment of a specific consideration; and yet this Court held the declaration to be sufficient.

2. That the defendant's admission that he owed the deceased this note towards the land, was admissible to prove the consideration stated in the third count. This is not a contract for the sale of land. *That* contract had been carried into effect; and the statute of frauds had been complied with. It is not now necessary to shew what the terms of that contract were. If the deed were produced, it would not prove any subsisting indebtedness; nor go to shew, that this note was given for the land. The evidence offered was apt for that purpose; and its admission is opposed by no statute provision or rule of law. The plaintiffs, therefore, are entitled to retain their verdict on the third count.

WILLIAMS, J. The questions arising in the case are these : *Hartford*, Do the terms of the note import a consideration ? Was parol June, 1830. evidence properly admitted to show it ? And was it sufficient to be left to the jury to prove that consideration ?

Edgerton
*v.*
Edgerton.

As to the first question. It is not claimed, that the note declared upon was a specialty, by the common law ; but that, by the usage of this state, it might be treated as such. "In *Connecticut*, promissory notes," says Judge *Swift*, "from the earliest periods have been considered as specialties, so far as to import a consideration and to be declared upon as such." *Swift's Evid.* 339. Again : they are "of as high a nature as bonds." 1 *Swift's Syst.* 393. In pursuance of this general opinion from so respectable a source, it is presumed the charge was given. It is certain, that in this state, there was not so much importance attached to seals as there was in that country from which we derived much of our legal science. The writer cited above, says, that even in deeds of land, seals are "an unmeaning formality, and ought to be abolished." 1 *Swift's Syst.* 306. In consequence, probably, of ideas of this kind, notes of hand have, in a great measure, superseded the use of bonds ; and, for many purposes, have been treated as such. They are declared upon as specialties ; a profert is made of them ; they are subject to oyer ; the declaration, and not the evidence, is demurred to ; and the statute of limitations is the same as in the case of bonds. *Slocum* v. *Sanford*, 2 *Conn. Rep.* 534. And the consideration cannot be attacked any more than where the instrument is a bond. 1 *Swift's Dig.* 429. They are *quasi* specialties. But does the usage extend to all promissory notes ? As our statute making notes negotiable, is of recent date, it will hardly be claimed, that *negotiable* notes are within this usage. It applies to promissory notes containing an express promise, "*for value received*," to pay a certain sum of money. 1 *Swift's Dig.* 393. And no case is recollected, where a mere promise, without an acknowledgment of value, was held within the custom.

The whole system being a departure from the common law, and peculiar to this state, it is not to be extended ; and as no consideration is expressed in this note, I feel compelled to say, that the terms of the note did not import a consideration ; and that this note was, in no sense, a specialty. Were there nothing more in the case, I should advise a new trial.

But, although no value is acknowledged in the note, yet in

*Hartford,* the third count the plaintiffs have alleged a consideration,
June, 1830. which they have proved; and unless the evidence of that fact

Edgerton was improperly admitted, or was insufficient to prove it, the
*v.* plaintiffs are entitled to retain their verdict.
Edgerton.

It was objected, that as the evidence of consideration was an
indebtedness for land sold, no proof of its existence could be
given, unless it was in writing: Of course, that the admission
of that fact by the defendant, could not be proved by parol.
But it was decided, by this Court, in the case of *Sage* v. *Wil-
cox,* 6 *Conn. Rep.* 83. that the statute of frauds does not
require the *consideration* of a promise to be in writing, although
the promise must be. It is true, that suit was connected with
another branch of the statute regarding a promise to pay the
debt of another. That branch of the statute speaks of " any
contract or agreement;" this of " any contract." It can
hardly be contended, that this variation in phraseology re-
quires a more limited construction, in the latter case than the
former. If there be a difference, it would seem that the
statute was more comprehensive in the former clause than in
the latter; but I think the construction must be the same in
both.

It is said, that the land must have been conveyed by deed ;
and the deed is the best evidence, and was not produced.
The deed is not a paper of the plaintiffs, nor supposed to be
in their possession : Of course, they are not required to pro-
duce it. And if the deed were produced, it would not prove
the consideration of the note. It might prove a conveyance
of land ; but the connexion between that and this note might
be proved in some other way. No evidence more appropriate
for that purpose could be expected, than the admission of the
fact by the defendant. The evidence was, therefore, properly
admitted.

It is said, that if the proof was admissible, it was not suffi-
cient ; for the sale and conveyance must be proved ; and the
judge should have so instructed the jury. Suppose the note
had been expressed as it now is, with this addition—*value
received in the balance due for a farm purchased of the
deceased ;*—it would hardly be claimed, that the plaintiffs must
prove, that a farm was sold, or that any further proof of a
consideration was necessary. And if it is not necessary that
the consideration be in writing, I see not why actual proof of
the sale or conveyance need be made, in this case, more than
in that. The instruction to the jury, that if they found the

consideration proved as alleged, to find for the plaintiffs, was, therefore, correct ; and no new trial ought to be allowed.

The other Judges were of the same opinion.

New trial not to be granted.