### Cook and another *against* Mix.

The competency of a witness, though it may depend upon a question of fact, is to be determined exclusively by the court.

Where it appeared, in a suit on a promissory note, given to *B*, as administrator of *A*, that there was a *memorandum* on it, in the hand-writing of *B*, that it belonged to *C*, the widow of *A*, and administratrix on his estate jointly with *B ;* it was held, that such *memorandum* was an admission by the party, that *C* was interested in the event of the suit, and she was, therefore, an incompetent witness for the plaintiff.

Where it appeared in such action, that the note was given for land sold to the defendant; that a deed with covenants was given, which was utterly void and conveyed no title whatever; and that a part of the purchase money was paid; it was held, that there being an entire failure of title, there was also a total failure of consideration for the note, and this was an answer to the action.

But if the covenants in the deed formed a consideration for the note, so that there was only a partial failure of consideration; it was held, that this might be shown to reduce the damages.

THIS was an action of *assumpsit,* brought by *Nathaniel Cook* and *Benjamin T. Cook,* executors of *Ephraim Cook,* deceased, against *Mindwell Mix,* on a promissory note, given by her, to said *Ephraim Cook,* as administrator of the estate

of *Joseph Hull,* deceased. The note was for fifty dollars, dated *June* 1st, 1820, and payable in six months from the date.

The cause was tried at *New-Haven, October* term, 1835, before *Williams,* Ch. J.

The note mentioned in the declaration being introduced in evidence, it appeared, that there was endorsed thereon the sum of 6 dollars, 25 cents. And there was, on the face of it, a *memorandum,* proved to be in the hand-writing of the promisee, in these words : " The balance on this note belongs to *W. P.*'s wife."

To prove the execution of the note, and that it was given as part of the consideration of land sold by the promisee, as administrator of the estate of *Joseph Hull,* deceased, and that the defendant went into possession of such land, the plaintiffs offered Mrs. *Parker,* the widow of said *Joseph Hull,* and administratrix of his estate, as a witness. The defendant claimed, that from the relation in which she stood to said estate, and from the *memorandum* on the note, coupled with evidence that she intermarried with *William Parker,* and that this note was her property, she had an interest in the event of the suit ; and the defendant, therefore, objected to her as a witness. The court was of opinion, that she was so interested, and did not permit her to testify.

It was claimed by the defendant, and not denied by the plaintiffs, that the consideration of the note was the sale of a piece of land, the property of said *Joseph Hull,* by said *Ephraim Cook,* as administrator of his estate, under the orders of the court of probate. The deed contained the usual covenants. The plaintiffs claimed to have proved, that the defendant entered upon the land sold, and has ever since occupied it ; that *Ephraim Cook* left an ample estate ; and that the plaintiffs are responsible men.

The defendant claimed, that the sale was void, and the deed conveyed no title, and so there was no consideration for the note ; and that even if the covenants in the deed constituted a consideration, this action could not be maintained, by these plaintiffs. The defendant further claimed, that if the deed was void as a conveyance, and yet there was some consideration, the jury might consider whether she had not already paid as much as could reasonably be demanded on the note, and that she might show a partial failure of consideration.

*New-Haven,*
*July, 1836.*

Cook
*v.*
**Mix.**

The plaintiffs claimed, that if the deed was insufficient to convey a title, the covenants in it formed a sufficient consideration for the note; and if there was any consideration, they were entitled to recover the whole sum due on the note.

The court instructed the jury, that the plaintiffs could maintain an action in their name; that the covenants in the deed formed a consideration for the note, though the deed itself was insufficient to convey any title; but that where there was a sale with warranty, the party might show failure of title, to recover damages; and if the jury should find, that the defendant had already paid more than the value received, they might find a verdict in her favour.

The jury returned a verdict for the defendant, accordingly: and the plaintiffs moved for a new trial.

*Mix,* in support of the motion, contended, 1. That the court erred in excluding Mrs. *Parker* as a witness. In the first place, the question whether she was interested in the event of the suit, was a question of *fact,* to be decided by the jury. *Stat.* 49. *tit.* 2. *s.* 54. Secondly, even if it was in the province of the court to decide this fact, the decision, under the circumstances, was wrong.

2. That the charge of the court was erroneous.

In the first place, the covenants were a sufficient consideration for the note; and the note might be enforced, notwithstanding any failure whatever of title or consideration in the deed. The defendant had elected to take the covenants for whatever she paid or secured, as her remedy for any failure. That was the intention of the parties. The note for fifty dollars was given in lieu of, and as a substitute for, *cash.* Suppose, instead of the note, fifty dollars in money had been paid; could that have been recovered back, as money paid? No; but damages might be recovered, if there was a failure of consideration. No more can the failure, if any, be a defence to the note. That the deed forms a consideration, was admitted by the court, and is not controverted. This case is different from a class of cases, where a failure of consideration has been allowed by courts, in defence. Those are contracts for goods, and for work and labour, and materials. *Chitt. Cont.* 276, 7. The remedy, in case of a deed with covenants, is a cross-action. Such is the law in the supreme court of the *United States,* in

*Maine* and in *Massachusetts. Greenleaf* v. *Cook,* 2 *Wheat.* 13. *Lloyd* v. *Jewell* & al. 1 *Greenl.* 352. *Phelps* v. *Deck-er,* 10 *Mass. Rep.* 267. 279. If the law of *South-Carolina* and *Pennsylvania* is different from this, (though in *Pennsylvania* it would seem doubtful,) it is a peculiarity, and ought not to be extended. *Hord* v. *Huff,* 2 *Rep. Const. Ct.* 162. 3 *Stark. Ev.* 1614. n.

Secondly, if failure of consideration could be regarded at all, it must be a *total* failure. *Greenleaf* v. *Cook,* 2 *Wheat.* 13. 2 *Stark. Ev.* 280, 1. 3 *Stark. Ev.* 1614. And the defendant, in that case, must tender back the property. 2 *Stark. Ev.* 281. In case of a part execution of a contract, as here, the only remedy for a breach, is on the special contract. *Hunt* v. *Silk,* 5 *East* 449. 3 *Stark. Ev.* 1614. n.

Thirdly, whenever a partial failure of consideration is given in evidence, it is only in case of failure to a certain liquidated amount, and not in case of unliquidated damages. 2 *Stark. Ev.* 281. *Roscoe* on *Ev.* 168. The defendant's remedy here is covenant; and that proceeds for unliquidated damages. 1 *Sw. Dig.* 570.

Fourthly, there was no failure of consideration here at all; no eviction; no molestation; no injury to the defendant; but the possession and use had gone just as the parties in the deed intended; and the defendant has even acquired a title, by adverse possession. Hence, there is no defence in law. 2 *Mau. & Selw.* 355. 1 *Sw. Dig.* 371. Why should the charge of the court break up this arrangement of the parties, when it stands just as the parties made it?

Fifthly, there is no convenience in the doctrine claimed by the defendant. It prevents neither circuity nor multiplicity of action. After this defence is allowed, the defendant will still have a right of action to recover damages on the covenant.

*Hitchcock,* contra, insisted, 1. That the testimony of Mrs. *Parker* was not admissible. In the first place, she was wife of *Joseph Hull,* deceased, whose land was sold, and also administratrix jointly with the plaintiffs' testator; and he, while in life, declared in writing, that the beneficial interest in the note belonged to her. Such declaration proved an interest in the witness. *Pierce* v. *Chase,* 8 *Mass. Rep.* 487. *Bauerman* & al. v. *Radenius,* 7 *Term Rep.* 663. Secondly, the

HARVARD LAW SCHOOL LIBRARY

New-Haven,
July, 1836.

Cook
v.
Mix.

witness was the real party, having the beneficial interest.  2 *Stark. Ev.* 41, 2.   *Bell & al.* v. *Ansley*, 16 *East* 143.

2. That a partial failure of the consideration of the note may be shown to the jury, to reduce the damages, or to show that no damage has been sustained beyond the amount already paid.   *Moore* v. *Ellsworth*, 3 *Conn. Rep.* 483.   *Lawrence & al.* v. *The Stonington Bank*, 6 *Conn. Rep.* 521.   *Spalding* v. *Vandercook*, 2 *Wend* 431.   That the defendant may have a cross action, makes no difference.   *Frisbee* v. *Hoffnagle*, 11 *Johns. Rep.* 50.   *Tomlinson* v. *Day*, 2 *Brod.& Bing.* 680.   (6 *Serg. & Lowb.* 315.)   And if it does, still as the defendant has abandoned and lost the benefit of the cross-action, the defence is valid.   *Tillotson* v. *Grapes*, 4 *N. Hamp. Rep.* 444.   *Knapp*, admr. v. *Lee*, 3 *Pick.* 452.

BISSELL, J.   The decision of the judge on the circuit, rejecting the testimony of Mrs. *Parker*, is urged as one reason why the rule, in this case, should be made absolute.

The only question, on this branch of the case, is, whether the witness offered had an interest in the event of the suit. And whether she had such an interest, was a question of fact, to be determined on the evidence before the court.   It is claimed, in the first place, that the judge mistook the law, in not submitting this question to the jury : And this strange claim has been gravely urged before this court.   It is sufficient to observe, that the claim is as unfounded as it is novel :   that it has no support, either in principle or authority ; and is utterly incapable of being reduced to practice.

It is insisted, in the next place, that the judge mistook the evidence, and improperly decided, that the witness was interested.

If she was the owner of the note, she was clearly incompetent.   Does the evidence spread upon the record prove that fact?   We are clearly of opinion, that the *memorandum* on the back of the note, in connection with the other testimony in the case, points to her as the owner.   And this being in the hand-writing of *Ephraim Cook*, the acting administrator, it is an admission by the party, which, as against him, must be taken to be true.   *Bill* v. *Porter*, 9 *Conn. Rep.* 13.   *Pierce* v. *Chase*, 8 *Mass. Rep.* 487.   *Bauerman* v. *Radenius*, 7 *Term Rep.* 663.   2 *Stark. Ev.* 42.   As the judge who pre-

sided on the circuit, has placed this question upon the record, we have considered it : At the same time, we wish it to be understood, that we by no means admit the right of a party to reverse the decision of a judge, while that decision is founded entirely on facts submitted to him.

The only remaining question arises upon the charge to the jury.

It was claimed on the trial, and not denied, that the note in question was given for a piece of land, belonging to the estate of *Joseph Hull*, deceased, and sold to the defendant, by the administrator.   And it was admitted, that the deed from the administrator to the defendant, was utterly void, and conveyed no title whatever.   And it was further admitted, that a part of the purchase money had been paid by the defendant.

On these facts, it was insisted, on the part of the defendant, that there was a total failure of consideration ; and therefore, there could be no recovery on the note.   And it was further insisted, that if not a total, there was at least a partial failure of consideration :—that the defendant had already paid more than the consideration received ; and on that ground there could be no recovery.

It was denied, on the part of the plaintiff, that there was either a total or partial failure of consideration ; the covenants in the deed being a sufficient consideration for the note.   But admitting there was a partial failure, it was insisted, that this could not be set up, either as an answer to the action, or in reduction of the damages.

On these conflicting claims, the court charged the jury, that the covenants in the deed formed a consideration for the note ; but that the deed itself was insufficient to convey any title ; and that when there was a sale with warranty, and no title was conveyed, the party might show a failure of title to reduce the damages ; and if the jury found that the defendant had already paid more than the value received, they might find a verdict in her favour.

The charge placed the case on grounds most favourable to the plaintiffs ; and they have no reason of complaint.   For, in our opinion, the judge would have been justified in instructing the jury, that there being an entire failure of title, there was also a total failure of consideration.   We do not assent to the proposition, that the covenants in the deed formed any part of

the consideration for the note. What, it may be asked, is to be understood by a total failure of consideration? It is very obvious, that when the party does not get that, which, by the terms of the contract he was to receive, and for which his note is given, the consideration of the note fails, and fails wholly. This precise point was decided, by the supreme court of the state of *New-York,* in *Frisbee* v. *Hoffnagle,* 11 *Johns. Rep.* 50.; and we think decided on principle. The court there say : " To allow a recovery in this case, would lead to a circuity of action ; for the defendant, on his failure of title, would be entitled immediately to recover back the money." On a sale of personal property, there is always an implied warranty of title. But it turns out, that the vendor has no title. Was it ever supposed, that he could recover the purchase money, and turn the vendee over to his remedy on the warranty ? And is there any well founded distinction between a sale of real estate with covenants, and a sale of personal property with warranty ? We suppose not. And we suppose it to be perfectly well settled, that where a total failure of consideration is shown, it is an answer to the action.

This view of the case renders it unnecessary to determine, whether upon the ground assumed, the charge is correct ;—or whether, admitting that the covenants in the deed do form a consideration for the note, a failure of title may be shown to reduce the damages. As, however, the question has been made, and discussed, the expression of an opinion upon it, although not necessary, may be very proper ;—and the more especially, as we entertain no doubt upon the point. The charge, in our opinion, is vindicable, both on the ground of authority and principle. For whatever opinions may have, formerly, been held on this subject ; and whatever may have been the decisions in some of the states ; we suppose it to be the settled doctrine in *Connecticut,* that a partial failure of consideration may be shown to the point of damages. In the case of *Moore* v. *Ellsworth,* 3 *Conn. Rep.* 481., the principle is adopted, in the most unqualified terms. See also *Barkhampsted* v. *Case,* 5 *Conn. Rep.* 528. *Lawrence* v. *The Stonington Bank,* 6 *Conn. Rep.* 521. Such also is the rule in some of the neighbouring states. *Spalding* v. *Vandercook,* 2 *Wend.* 431. *Steinhauer* v. *Witman,* 1 *Serg. & Rawle,* 438. *Hart* v. *Porter,* 5 *Serg. & Rawle,* 204. *Adams* v. *Wylie & ux.* 1 *Nott &*

*McCord,* 78. *Jones* v. *Scriven,* 8 *Johns. Rep.* 453. The *Phœnix Insurance Company* v. *Fiquet,* 7 *Johns. Rep.* 385. *Miller* v. *Smith,* 1 *Mason,* 437. *Taft* v. *Montague,* 14 *Mass. Rep.* 282. It may, also, now be considered as a well settled rule, in *England,* that on a sale of personal property with warranty, a partial failure of consideration may be shown, in reduction of damages. *Fisher* v. *Samuda,* 1 *Campb.* 190. *Lomi* v. *Tucker,* 4 *Carr. & Payne* 15. (19 *Serg. & Lowb.* 255.) *Germaine* v. *Burton,* 3 *Stark. Ca.* 32. (14 *Serg. & Lowb.* 152.) *Okell* v. *Smith,* 1 *Stark. Ca.* 107. *Cutler & al.* v. *Close,* 5 *Carr. & Payne,* 337. *De Sewhanberg* v. *Buchanan, Id.* 343. (24 *Serg. & Lowb.* 348. 352.) *Street* v. *Blay,* 2 *Barn. & Adol.* 456. (22 *Serg. & Lowb.* 122.) *King* v. *Boston,* 7 *East* 481. n. *Tomlinson* v. *Day,* 2 *Brod. & Bing.* 680. (6 *Serg. & Lowb.* 315.) 2 *Stark. Ev.* 644.

It has already been remarked, that there is no well grounded distinction between a sale of personal property, with warranty, and that of real estate with covenants. The same reason exists for the application of the rule, in the one case, as in the other. And if a vindication of the rule were necessary, it might be remarked, that it is founded in the highest reason and justice. Why is it, that a total failure of consideration is an answer to the action? Because the law does not permit one man to recover money of another, which, by a cross-action, might be immediately recovered back. And does not the same reason apply, as well where there is a partial, as where there has been a total failure of consideration?

But it is unnecessary to enter upon a vindication of the rule. It is sufficient, that we find it settled, by a course of adjudications, which can neither be overruled nor shaken.

The consequence is, that the rule in this case, must be discharged.

The other Judges concurred in this opinion.

New trial not to be granted.