## PIKE *v.* TAYLOR.

When in a suit upon a promissory note or bill of exchange, the defendant sets up a partial want, or failure of consideration, in reduction of damages, the brief statement must give notice of the matters relied upon, and contain the substantial elements of a special plea.

Therefore it was, held, that evidence of the failure of title to one parcel of land, and the accidental omission to include another, in a conveyance, for which parcel with other lands, the note in suit was given, was not admissible under a brief statement, which set out a failure of consideration to the extent of a sum named, without stating in what said failure existed.

The defendant may avail himself, of such matters in defence,, under a proper brief statement, without rescinding the entire contract.

ASSUMPSIT. The writ contains the consolidated money counts, and the plaintiff claims to recover under them the amount of the defendant's promissory note for five hundred dollars, payable to plaintiff, or order, and now by its terms overdue. The defendant, by his

pleadings, confessed that there was due the plaintiff on the cause of action set out in his writ, the sum of one hundred and eighty dollars and interest; and as to the remainder, he pleaded the general issue; with a brief statement, that said note was without consideration, except for said one hundred and eighty dollars; and that there had been a partial failure of the consideration of said note, to the extent of three hundred and twenty dollars.

The defendant offered to show that in the month of April, 1866, he bargained for and purchased of the plaintiff, a farm in Marlow and Stoddard in said county, which among other tracts of land, included a valuable lot of fourteen acres, covered with standing wood and timber; and another lot of about twenty-six acres, covered with standing wood and timber; and that at the time the sale was negotiated between the parties, these lots were shown to the defendant by the plaintiff as a part of said farm; and that by design or accident on the part of the plaintiff, the fourteen acre lot was omitted from the deed of warranty of the farm, executed by the plaintiff; that during the same season, when the defendant learned, that said lot was not included in the said deed, he requested the plaintiff to convey the same to him, which he refused to do; that at the time of the negotiation and conveyance, the standing wood and timber, on the twenty-six acre lot had been conveyed to and was then owned by one Whitman, who had the right to cut and remove the same, at any time prior to April 1, 1867, but not afterwards; which wood and timber constituted the principal value of that lot; that at the time of the execution of said deed, and as an inducement to the purchase, the plaintiff represented to the defendant, that the right of said Whitman to cut and remove the same, expired Aug. 1, 1866, that the same could not be removed prior to that time, as it could only be done in the season of sledding, on account of the character, of the ground; so that by said purchase, the defendant obtained and secured all said wood and timber to himself; that prior to said first day of April, Whitman in the exercise of his said right, during the sledding season after Aug. 1, cut and removed said wood and timber from the lot, and so the defendant received no benefit or advantage therefrom; and that said fourteen acre lot, and the wood and timber taken as above from the twenty-six acre lot, were at the time of said conveyance of the farm, of the value of $320.00 and more. This evidence was objected to by the plaintiff, as incompetent. The plaintiff further objected, that this defence was not admissable under the defendants' pleadings which are made part of this case. Whereupon it was ordered by the court, that this case be reserved, and the questions arising thereon be transferred.

[DEFENDANT'S PLEADINGS.]

And the said defendant comes and defends, &c., when &c., and confesses the plaintiff's said action, and that the plaintiff is entitled to recover damages therein, to the amount of one hundred and eighty

dollars, and interest thereon from the date of the note mentioned in the said plaintiff's declaration, and no more.

By WHEELER & FAULKNER, his Attorneys.

And, as to the residue of the plaintiff's claim, the said defendant says he never promised the said plaintiff in manner and form as he has thereof alleged against him; and thereof he puts himself upon the country. By WHEELER & FAULKNER, his Attorneys.

And the plaintiff likewise, by his Attorney.

The defendant makes the following brief statement of his defence, viz : The said note was without consideration, except for the sum of one hundred and eighty dollars, and there has been a partial failure of the consideration of said note, to the extent of three hundred and twenty dollars. WHEELER & FAULKNER, *Defendant's Atty's.*

*Cushing*, for plaintiff.

I. The brief statement is sufficient. The term "failure of consideration," expresses rather a legal conclusion, than a simple matter of fact. It is a conclusion of law to be found by the court, on consideration of the facts. Nothing can be better settled in pleading, than that a good plea, must contain a statement of all the facts upon which the legal conclusion is founded. It is equally well settled, that a brief statement, must show in some form all the facts necessary to be alleged in a plea. Practically, it is plain, that the brief statement in this case, gives no information as to the defence.

II. The case of *Way* v. *Cutting,* 17 N. H. 450; is an authority showing conclusively that a part of the consideration for the conveyance, cannot be recovered back, without wholly rescinding the contract. The facts offered to be proved, do not show any attempt to do this. It seems to us, a necessary conclusion that if a part of the consideration could not be recovered back, it could not be witheld by this defence. If there has been a fraud, which does not appear from the facts offered to be shown, an action for damages might perhaps lie, but this is not a case where the *tort* could be waived and an action brought on the contract.

*Wheeler & Faulkner*, for defendant.

1. By the statute of 1861, ch. 2497, p. 2449, it is in substance provided, that whenever a total failure, of consideration would be a defence, it shall be lawful for the defendant to prove a partial failure of consideration, in reduction of damages, having first filed his brief statement thereof.

There can be no question, that if in this case the plaintiff, after taking the defendant's notes had refused to convey him any of the lands bargained for, that fact could have been shown, as a defence to a suit on the notes. The notes would be without consideration, which was a good defence at common law.

Under this statute, which was in force at the time the transaction between the parties took place, the refusal to convey a portion of the land bargained for, can be shown in reduction of damages, *Nichols* v. *Hunton & a.*, 45 N. H. 470.    Reasoning founded upon the law as it stood prior to 1861, can have no application to this case.

2. The brief statement is sufficient, and was not open to the objection taken.    The want of consideration for a note is as much a matter of fact as fraud, which in a class of cases is a conclusion of law: But it has never been held, necessary to incorporate in a brief statement, all the circumstances which went to make up fraud, or the means and appliances, by which, the fraud was perpetrated.

The party holding a note payable to himself, arising out of a contract made by himself, is presumed to know, upon what consideration it was given ; and when it is stated that there was a failure of consideration, it would seem that the defence was fully and intelligibly stated.    Matter constituting a defence, should be stated according to its legal effect ; and not in the way of recital of the facts relied upon, to prove a failure of consideration.

BELLOWS, C. J.    The first question is, whether the evidence offered was admissible, under the pleadings as they then stood.

At common law, the total want, or failure of consideration, might be shown under the general issue, and by our statute of July 4, 1861, ch. 2497, in cases where a total want or failure of consideration would be a defence to a writ upon a promissory note or bill of exchange, the defendant may prove a partial failure of consideration in reduction of damages ; having first filed a brief statement thereof, at such time as the court shall order, and the question is, whether the brief statement filed in this case, is sufficient under this statute.

The substance of it is, that defendant will prove that there was a partial failure of consideration and the extent of it, without stating any facts upon which the defence is supposed to rest.

In *Folsom* v. *Brown,* 21 N. H., 144, it was decided that a brief statement, being a substitute for a special plea, should contain all the substantial elements of such plea, and in that case, a brief statement was held to, as insufficient, because in justifying, the speaking of the words charged in the declaration, which was for slander, the defendant did not fully and distinctly admit the speaking of the words and justify them, and we perceive no reason, why this doctrine should not be applied in the case before us.    The statute clearly requires a brief statement.    The object of it is to give notice to the plaintiff of the matter to be set up in reduction of damages, and in requiring a brief statement, it is reasonable to suppose that the legislature contemplated, that it should correspond in its general features with the brief statements then in use.

The defendant here, offered to prove, that the contract of sale embraced a lot of woodland, which by accident or design, was not conveyed to him, and that as to the wood and timber on another lot, which *was* conveyed to him, the title had failed.

These facts, we think, ought to have been set out substantially in the brief statement, that the plaintiff might have notice of what was to be urged. It is true, he might be supposed to have knowledge already of what actually had been done, but he may, notwithstanding have not been prepared for the attempt of the defendant, to prove the facts which he offered to prove, for the reason that he may not have understood them to exist. As for example, the defendant offers to prove that the contract of sale included one lot of woodland that was not conveyed. But, the plaintiff may have understood that it was not included, and in that case might have no notice that defendent intended to set up such a contract.

We think, therefore, that the brief statement is not sufficient.

In the case of *Folsom* v. *Brown*, before cited, it was held that the proper practice is, to move to reject an insufficient brief statement before trial; but if that is not done, and the evidence under it is received without objection, it is then too late to take exception to it. It appears, from the case that objection was seasonably taken, and therefore, it must be held that this evidence was not admissible as the pleadings stand.

As, however, the defendant may amend his brief statement upon proper terms, we have considered the remaining question raised by the case; and that is whether under suitable pleadings, the evidence offered would make a case of a partial failure of consideration. The grounds suggested, are that the contract of sale, included a lot of woodland, which by design, was not conveyed to him, and that the title failed to the wood and timber upon another lot of land, for the reason that the plaintiff had before conveyed it to another.

At common law a total failure of consideration, is a good defence to an action upon a promissory note in the hands of the original payee. *Fletcher* v. *Chase*, 16 N. H., 38. *Shepherd* v. *Temple*, 3 N. H., 455. *Tillotson* v. *Grapes*, 4 N. H., 444. *Earl* v. *Page*, 6 N. H., 477. *Parish* v. *Stone*, 14 Pick., 210. 1 Parsons on Notes and Bills, 203, and cases.

So, independent of statute, if there be a partial failure of consideration, and the sum to be deducted, is mere matter of compensation, it may be set up in defence *pro tanto*, though it is otherwise if the damages resulting from the failure are unliquidated. *Drew* v. *Towle*, 27 N. H., 412. *Riddle* v. *Sage*, 37 N. H., 519. But, under our statute, a partial want or failure of consideration, may be set up in reduction of damages, in an action on a bill or note, whenever a total want or failure of consideration would be a defence.

The defendant offered to prove that one of the lots, included in the bargain, was omitted in the conveyance, and that the title failed to the wood and timber upon another lot, that *was* conveyed; and the question is, whether the total failure to convey, or the total failure of title, would have been a defence to this action, before the statute in question.

If in respect to both, the answer should be in the affirmative, then, according to the terms of the statute, a partial failure to convey and a partial failure of title, would be admissible in reduction of damages.

When promissory notes, are given for the price of land, which the payee promises to convey to the maker, at a future time, the total failure of the vender to convey the land would clearly be a good defence to an action upon the note, and the same may be said when after a conveyance of the whole land with warranty, there is a total failure of title. 1 Parsons on Bills & Notes, 210, & notes & cases. 2 Kent, Com. 633-4, 474, and cases, & 632, & note C. *Rice* v. *Goddard*, 14 Pick., 293. *Parish* v. *Stone*, 14 Pick., 198, 210. *Fisher* v. *Hoffeagle*, 11 Johns, 50. *Chandler* v. *Marsh & a.*, 3 Vermont, 161, *Cook* v. *Mix*, 11 Conn., 432, where the cases are collected. *Tillotson* v. *Grapes*, 4 N. H. 444. *Fletcher* v. *Chase*, 16 N. H., 38; *Drew* v. *Towle*, 27 N. H., 412.

In *Drew* v. *Towle* it is also laid down that a failure of title to one of several tracts of land conveyed with warranty, is a failure of consideration *pro tanto*, and when the amount can be ascertained by computation, it may be set up in defence to an action upon the promissory notes, given for the price of the whole land.

This doctrine is fully sustained by authority, 2 Kent Com. 9th Ed. 633, 473, & notes & cases. 2 Grant, Ev. § 199. 1 Parsons on Con., 211, and notes. *Cook* v. *Mix*, 11 Conn., 432, and remaining cases cited. *Pulsifer & a.* v. *Hotchkins & a.*, 12 Conn., 234.

But, it is argued by the plaintiff's counsel that the defendant cannot mitigate the damages in this way, without having first rescinded the entire contract, and offered to return what he had received; and to this point he cites *Way* v. *Cutting*, 17 N. H., 451. That was an action for money had and received, to recover back part of the money paid for several tracts of land, one of which proved not to have been conveyed. The court, Parker, C. J., held that as the contract was entire and had not been rescinded, the action could not be sustained, but the party might have relief in equity, there having been part performance. The court, however, say, that if no other remedy existed, they should be inclined to consider the case an exception to the general rule, and allow the plaintiff to recover a proportionate part of the purchase money.

There are other authorities to the same point, *Benton* v. *Schemerhorn*, 21 Vermont, 289. *Miner* v. *Bradley*, 22 Pick., 451. Although these cases both arise out of sales of goods.

We think, however, that these cases are not decisive here. In the first place, they are actions of assumpsit to recover back part of the purchase money, and the plaintiff might properly be held to pursue the appropriate remedy, while in cases like the one before us, as the defendant is permitted to set up the defence to mitigate the damages, in order to avoid circuity of action; and to prevent the recovery by the plaintiff, of money which the defendant in a cross action growing out of the same matter, might recover back. And besides, we think, the law of July 4, 1861, was designed to reach cases like this. Its terms are, certainly, broad enough to cover them, and there is nothing in the nature of the case or the condition of the law as it stood before, to exclude these cases from the operation of the statute.

If a receiver of the entire contract was necessary before the failure of the consideration could be urged in defence, there would then be no occasion for the aid of the statute, for the vendee would then be entitled to recover back the entire consideration.

We think, however, that the statute was designed to reach just such cases as this, to enable the parties to adjust the whole controversy in one suit and thus avoid circuity, which in many cases would work substantial injustice.

When the damages caused by a partial failure of consideration, may readily be ascertained by computation, it might before this statute, as we have seen, be set up to reduce the damages, and the difference between that case and where the amount is unliquidated, is not one of principle, but is founded in the supposed inconvenience of liquidating the amount of damages in the same suit.

The inconvenience, however, is no greater, as we perceive, than when a cross action is brought to recover the damages, especially when due notice of the defence is given, and it has been held that if the defect be the *want* of consideration instead of a failure of consideration, it may be set up as a defence *pro tanto*, although it be but partial and the amount not liquidated, *Parish* v. *Stone*, 14 Pick., 198, 210. When the note was partly for services rendered, and partly a gratuity, to equalize the distribution of promiser's estate, and there was no means to fix the amount of the services by computation, and it was held to be proper to let the jury fix the value of the services and return a verdict for that only, and Shaw, C. J., says it seems very clear that want of consideration, either total or partial may always be shown by way of defence, and he cites Lord Ellenborough in *Tye* v. *Gwynne*, 2 Camp., 346.

So it has been held that on a partial failure of consideration in a sale the defendant may *recoupe* his damages, on a breach of warranty, 2 Kent, Com., 9th Ed., 632, *473, note C., & cases cited. *Rob* v. *McAllister*, 8 Wend., 109. *Still* v. *Hall*, 20 Wend., 51. *Bateman* v. *Pierce*, 2 Hill, 171.

In the case before us, the claims of the parties arise out of the same transaction and may be most conveniently investigated together, and justice requires that they should be, and not compel the parties to submit to the expense of two suits when the whole matter may be tried in one equally as well. See Sedgwick on Dam., ch. 17, on the subject of *recoupement* where it is laid down that it is allowed though both demands are unliquidated.

It is obvious from these authorities and others, that the rigor of the ancient rules in respect to a partial failure of consideration, has been, generally, relaxed, and, we think, that it is in this spirit that we have the statute under consideration.

Under that statute it has been decided that a vender in a suit on the note given for the price of a horse may set up by way of defence a partial failure of consideration, *Nichols* v. *Hunton*, 45 N. H., 471. The court, by Bell, C. J., says that the statute does not change the rights of the parties to this contract, because the offset of the

two claims could before be made by circuitous proceedings leading to the same result, which can now be reached directly under this statute.

It will be observed too that the contract was not rescinded.

We are, therefore, of the opinion that both of these matters of defence are admissible in reduction of damages.

We do not, however, undertake to decide whether the defendant can prove that by said contract the fourteen acre lot was included in the sale; if that question should arise it will be time to consider it when all the circumstances are before us.

*Case discharged.*