Burton
v.
Stewart.

BURTON *vs.* R. & C. STEWART.

*Fraud,* in the sale of a chattel, cannot be set up in bar of a recovery of a note given on such sale, unless the vendee, on the discovery of the fraud, returns the article purchased to the vendor, or shews it to be entirely destitute of value.

If the vendee retains the property, he cannot treat the sale as void.

Whether the action be brought on the *contract* or the *security,* the defendant, on a proper notice, is entitled to give evidence in mitigation of the amount of recovery.

THIS was an action of assumpsit, tried at the Madison circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The action was on a promissory note given by the defendants to the plaintiff. The declaration contained a count on the note, and also the common money counts. The plea was the general issue. The defendants proved that the note was given as the price of a mare sold to them by the plaintiff, and that the plaintiff was guilty of *deceit* in the sale, having sold the mare as sound as far as he knew, when in fact he knew that she was infected with a disease called the *poll evil,* (of which she died,) which was not discovered until after the sale. This evidence was objected to by the plaintiff as inadmissible under the plea of the general issue. The judge however received the testimony, deciding that if the mare was entirely without value, the evidence was admissible; but if she was of some value, the evidence was not proper. The question of value he submitted to the jury, by charging them that if they should find that the mare was entirely worthless at the time of the sale, they should find for the defendants; but if she was of some value, however small, they must disregard the evidence given by the defendants, and find for the plaintiff. The jury found for the plaintiff the amount of the note. The defendants excepted to the decision and charge of the judge.

*J. A. Spencer,* for the defendants. Fraud vitiates all contracts into which it enters, and renders them void. (Comyn on Contr. 37, 38.) An action therefore could not be maintained on the note. The defendants having received the horse from the plaintiff, were liable on a *quantum valebat;* but there is no such count in the declaration.

It was not necessary to give notice of the defence. Under the general issue, any evidence going to shew that the plaintiff never had a cause of action, or had not a subsisting cause

of action at the commencement of the suit, is admissible, as the want of a sufficient or legal consideration, &c. (1 Chitty's Pl. 470, 471. 1 Ld. Raym. 217.) The rule in Chitty is recognized by this court in 15 Johns. R. 230. Notes obtained by fraudulent representations are utterly void and without consideration. (13 Johns. R. 56.) Fraud may be given in evidence in a defence, and will be an answer to the whole demand, or in abatement of the damages, according to the circumstances of the case. (13 Johns. R. 302.) Fraud or deceit in the subject matter of the consideration of a note is competent proof under the general issue. (8 Cowen, 31.)

*C. Stebbins,* for plaintiff. In an action upon a contract of sale, the defendant may mitigate the damages by shewing the unsoundness of the article, whether the action be upon a *quantum valebat* or for a stipulated sum. In such case the defence is anomalous. It is not on the principles of set off, for the damages are unliquidated ; nor can it be said there is a failure of consideration, because the contract being entire, is upheld if any consideration is left. Fraud vitiates a contract, it is admitted ; but a party, to avail himself of such defence, must avoid the contract by returning the property.

Where a bill or note is given, the contract of sale is not in question, and the defence rests upon the consideration. Lord Mansfield says, (2 Burr. 1082,) " there is a distinction between the *contract* and *security :* the former is divisible, the latter not." A *total* want or failure of consideration is an answer to the action on the note, and may be shewn under the general issue ; for by such proof it appears, that at the time of the commencement of the suit, there was no cause of action—no valid contract. (11 Johns. Rep. 50, and 15 id. 230.) But the defendant cannot, in such action on the note, mitigate the damages by shewing a *partial* failure of consideration. (1 Camp. 40, n. 2 id. 346. 3 id. 37. 14 East, 486. 5 Cowen, 494. 2 Wheaton, 13. Chitty on Contr. 169.) At all events, such evidence is inadmissible under the general issue. (Chitty on Contr. 169. 11 Johns. R. 547. 15 id. 230. 7 East, 479.) The observation in 8 Cowen must be

understood as applying to fraud or deceit going to the whole consideration.

*By the Court,* MARCY, J. The defendants contend that there was a total want of consideration for the note, by reason of the fraud practiced in the sale, and that therefore they were entitled to a verdict. The general position that all contracts infected with fraud are void both at law and in equity, is too well settled to be controverted, and too plain to require reference to authorities to support it; and it is not less certain that securities given on such contracts are also void as between the contracting parties. But a party to a fraudulent contract may, however, so conduct himself in relation to it, as to forfeit his right to treat it as void.

Where a bill is given for the price of goods fraudulently sold under a warranty, the breach of the warranty is a bar to the action on the bill, as between the parties to the sale, if the defendant immediately, on discovering the fraud, repudiate the contract by tendering back the goods. (Saund. on Pl. & Ev. 303, 4.) The case of *Lewis* v. *Cosgrave*, (2 Taunt. 2,) is very similar to the one before us, with this important additional feature, that there the defendant offered to return the horse, but the plaintiff refused to receive him ; he was however left in his stable without his knowledge. In that case the fraud in the sale rendered the check given for the horse invalid. In *Leggett* v. *Cooper*, (2 Stark. N. P. 93,) the action was for hops sold by sample for a stipulated price. The plaintiff put into the sacks hops of a quality inferior to the sample. The defendant paid into court a portion of the sum claimed by the plaintiff, and resisted his recovery beyond that amount, on the ground that the hops were of an inferior quality to the sample. Lord Ellenborough said the defence went to the whole action, and the defendant could not interpose such a defence after paying money into court. He observed that the defendant " had lost the ground of defence upon which perhaps he might otherwise have insisted, *by neglecting to make the objection at the proper time, and return the goods.* In the case of *Fisher* v. *Samuda*, (1 Camb. 190,) the same judge stated it to be

"" the duty of the purchaser of any commodity, immediately upon discovering that it was not according to order and unfit for the purpose for which it was intended, to return it to the vendor, or give him notice to take it back."

If the rule of law laid down in the two last cases is applicable to this, the defendants could not treat the sale as void after retaining the property received under it. Had they intended to treat the contract as void on the ground of fraud, it was their duty, when they discovered the mare was not such as the plaintiff had represented her to be, to have returned her to the plaintiff. When prosecuted on the note, and the cause brought to trial, it was too late to repudiate the contract. Saunders applies this rule to a fraudulent sale of goods under a warranty, and there is no reason why it should not be applied to a fraudulent sale where there is no express warranty. Besides, I do not think that in principle a distinction can be made between this case and the cases last cited. On what ground is it insisted that the sale in this case is void? Is it not because the horse delivered by the plaintiff was not such a horse as was represented to the defendants, and as they contracted for? The same remark applies to the hops in the case of *Leggett* v. *Cooper*, and to the beer in the case of *Fisher* v. *Samuda*. Not having taken their stand at the proper time, the defendants cannot, at the trial, say that the contract was void so long as they are not able to say that the horse was valueless.

It seems to be well settled, that if the action had been brought for the consideration of the horse, the defendants might have shewn, in mitigation of damages, if they had given notice thereof, that the horse was not such as the plaintiff had represented, and that the representation was fraudulent. There are cases which shew that where the action is on the security the rule is different; but this court, seeing no reason for the distinction, have not regarded it. It has been decided here that the partial failure of the consideration of a note may be given in evidence in a suit on a note between the parties, to it, under a notice to reduce the amount of damages. (2 Wendell, 431.)

New trial denied.