*Litchfield*,
June, 1836.

Green
*v.*
Pratt.

GREEN *against* PRATT and others.

A claim for the breach of a special agreement, cannot be recovered in an action of book debt.

Therefore, where it was agreed between *A* and *B*, that *B* should furnish *A* with cotton, to be manufactured into yarn, which was afterwards to be sold by *B*, on commission ; and it was further agreed by *B*, that the yarn should produce a profit to *A* beyond the cost of manufacturing it ; in an action of book debt, brought by *A* against *B*, for a balance of accounts, it was held, that *A* could recover nothing, in that action, for a loss sustained on the yarn manufactured by him.

THIS was an action of book debt ; which was referred to auditors.   They reported in favour of the defendants.

From the remonstrance and finding of the superior court, it appears, that on the 12th of *April*, 1826, it was agreed between the plaintiff and the defendants, that the latter should furnish the former with cotton, to be manufactured into yarn, which was to be afterwards sold, by the defendants, on commission ; and the defendants further agreed, that the yarn should produce a profit to the plaintiff beyond the cost of manufacturing it.  In pursuance of this agreement, the plaintiff manufactured a large quantity of yarn, which was sold by the defendants.   A part of the plaintiff's charges in this action were for the yarn delivered under the agreement.   On the trial before the auditors, the plaintiff claimed, that he had not received a profit on the manufacture of the yarn, and that the deficiency was chargeable to the defendants on book, or should go in reduction of their charges against him, and offered evidence of the loss in support of his charge for profits or claim to augment his account, founded on the guaranty in the agreement.   This claim of the plaintiff, with the evidence offered in support of it, was opposed, by the defendants, and rejected by the auditors.

The case was reserved for the advice of this court on the question whether this decision of the auditors was correct.

*Miner* and *Woodruff*, for the plaintiff, contended, that as the plaintiff received the cotton and undertook the manufacture of it, under a special agreement, it was necessary to recur to such agreement as a part of the transaction to be investigated. It furnishes the rule by which the settlement was to be made. If the quantity and price of the cotton furnished by the defend-

ants could be shewn, on the one hand, the expense of manufacturing it and the stipulated profit, might be taken into the account, on the other hand.

*T. Smith* and *O. S. Seymour*, for the defendants, stated, that they should claim, that the agreement was collateral to the charges on book, and was not a proper ground of recovery in this action; when they were stopped by the court.

WAITE, J.   The only question submitted to the consideration of this court, is, whether the auditors erred in rejecting the claim of the plaintiff, with the evidence offered in support of it. Had the agreement been, that the yarn should be sold, by the plaintiff, or some third person, it would hardly be claimed, that the plaintiff could sustain an action on book against the defendants, simply to recover damages for the loss sustained in the sale of the yarn.   No case has ever gone so far.   The circumstance that the yarn was to be sold, by the defendants, does not vary the principle.   The yarn, by the terms of the contract, was not to be sold *to* the defendants, but *by* them, upon commission.   For the moneys received by them upon the sale, they were liable to the plaintiff, in an action on book.   But the plaintiff could no more unite with his charges for those moneys a charge for a loss of profits founded upon the guaranty, than he could sustain an action of book debt for that loss alone.   The plaintiff may have a remedy upon the guaranty of the defendants; but it must be in a different form of action.   It is a well settled principle of law, that a mere right of action, as a claim for damages for a tort or a breach of contract, cannot be charged on book.

The superior court, must, therefore, be advised, that the auditors did not err in rejecting the plaintiff's claim; and that the report of the auditors ought not to be set aside.

The other Judges were of the same opinion.

Judgment for defendants.