McAlpin *against* Lee.

In an action to recover the price of property sold under a special agreement, which proves inferior in quality to that contracted for, an allowance to the defendant may be made, in the assessment of damages, of such an amount as constitutes the difference between the price agreed upon and the value of the property sold.

But the defendant, in such action, is not entitled to an allowance in reduction of damages beyond such difference, on the ground that the property contracted for, at the stipulated time and place of delivery, was of greater value than the price agreed upon.

THIS was an action of book debt; which was referred to auditors.

They reported, that on the 24th of *May*, 1835, the parties entered into the following written contract: " We, *Elisha Lee* and *James McAlpin*, have, this day, entered into the following contract, *viz.* the said *McAlpin* agrees to deliver at the store of said *Lee*, in *Salisbury*, between the date hereof and the 1st of *September* next, 40,000 feet of white pine lumber, to consist of 1¼ inch and 1 inch boards, siding and clapboards, in fair proportion; and each stock of inch boards not to contain more than three or four wainy boards; and all the said lumber to be free from rot or loose knots. Said *McAlpin* also agrees to deliver, within the above named time, at or near *Shepard's* tannery on the turnpike in *Norfolk*, 20,000 feet of the same kind and quality; the whole of the lumber to be good merchantable lumber. The said *Lee* agrees to pay the said *McAlpin* for the lumber, which is to be delivered at the store in *Salisbury*, 10 dollars *per* thousand feet, by the 1st day of *January* next, and 2 dollars *per* thousand feet, in goods and grain. For the 20,000 feet to be delivered at *Shepard's* tannery, the said *Lee* agrees to pay said *McAlpin* 10 dollars *per* thousand feet, and 50 cents *per* thousand feet in goods and grain, by the first day of *January* next. *Salisbury, May* 24th, 1835." [Signed by the parties.] This contract, the auditors found, was still binding upon the parties and unfulfilled. They also found, that the plaintiff, with a view to perform the contract on his part, delivered to the defendant, at his store in *Salisbury*, 40,000 feet of white pine swamp lumber, and at *Shepard's* tannery in *Norfolk*, 17,601 feet of the same kind of lumber: which did not answer the quality and description

specified in the contract, but which was received by the defendant, and by him wholly disposed of. The auditors further found, that this lumber was worth 9 dollars *per* thousand feet only, amounting in all to the sum of 518 dollars, 41 cents ; that the defendant has paid to the plaintiff in goods, cash and grain, the sum of 281 dollars, 41 cents, leaving a balance due to the plaintiff of 237 dollars ; that by reason of the non-fulfilment of the contract by the plaintiff, in the delivery of the lumber specified therein, the plaintiff sustained damages to the amount of 175 dollars, which ought to be paid by the plaintiff to the defendant, as damages for such non-fulfilment. The report concluded thus : " Now, if the law be so, that said sum of 175 dollars, being the damages aforesaid, for the breach of said contract, may be charged to the plaintiff, or be taken into the account, by way of diminishing the amount he may be entitled to recover for said lumber, delivered as aforesaid, then we find, that the defendant is indebted to, and does owe the plaintiff, the sum of 62 dollars only."

The plaintiff remonstrated against the acceptance of this report : first, because the defendant waived a delivery of any further quantity of lumber, than the auditors have reported, as having been delivered by the plaintiff : secondly, because the plaintiff, on the trial of the cause, proved, that the defendant, when he received the lumber, knew that it was defective, and did not correspond with the lumber stipulated in the contract to be delivered, and that he did not notify the plaintiff thereof, or offer to return it to him, but disposed of it for his own use.

The defendant answered the remonstrance ; and the plaintiff replied.

The court found, that it was proved before and found by the auditors, that the defendant, before the time for the delivery of the full quantity of lumber at *Norfolk* specified in the contract had elapsed, waived a delivery of any further quantity than the auditors have reported as having been delivered by the plaintiff : That the auditors did not take into consideration the deficiency in the quantity of lumber, in estimating said amount of 175 dollars, as damages sustained, by reason of the non-fulfilment of the contract by the plaintiff ; but that in estimating such damages, the auditors adopted and acted upon the principle, that if the lumber, which was delivered by the plaintiff, had been of the quality specified in the contract, the

defendant could have sold it, at the time of its delivery, for 175 dollars more than the price stipulated in the contract to be paid for it ; and that this sum is the damages sustained by the defendant, by reason of the non-fulfilment of the contract by the plaintiff, as stated in the report : That the auditors estimated the price of the lumber at 9 dollars *per* thousand feet, as its reasonable value, independent of the contract : That no claim was made before the auditors, by the plaintiff, that there had been a waiver by the defendant of the performance of the contract as to the quality of the lumber ; nor did the auditors find, that there had been any such waiver.

Upon the facts thus reported by the auditors and found by the court, the case was reserved, on the question what judgment ought to be rendered, for the advice of this court.

*T. Smith* and *Hubbard*, for the defendant, contended, 1. That the damages sustained by the defendant, by reason of the defects in the lumber delivered, should go in reduction of the plaintiff's claim. In the first place, the action of book debt is a mere substitute for *indebitatus assumpsit,* which is in the nature of a bill in equity, and in which the plaintiff can only recover what he is *ex æquo et bono* entitled to. Secondly, the deduction ought to be made to prevent circuity of action. Thirdly, it is not only admissible upon principle, but required by the authorities. 2 *Stark. Ev.* 645. *Fisher* v. *Samuda* & al. 1 *Campb.* 190. *Cormack* v. *Gillis,* cited 7 *East,* 481. *Cutler* & al. v. *Close,* 5 *Car. & Payne,* 337. (24 *Serg. & Lowb.* 348.) *Street* v. *Blay,* 2 *Barn. & Adol.* 456. (22 *Serg. & Lowb.* 122.) *Reab* v. *McAlister,* 8 *Wend.* 109. *Sicles* v. *Patterson,* 14 *Wend.* 257. *Taft* v. *Montague,* 14 *Mass. Rep.* 282. *Jones* v. *Scriven,* 8 *Johns. Rep.* 453. *Nichols* v. *Alsop,* 6 *Conn. Rep.* 477. *Cook* v. *Mix,* 11 *Conn. Rep.* 432. *Poulton* v. *Lattimore,* 9 *Barn. & Cres.* 259. (17 *Serg. & Lowb.* 373.) *Bush* & al. v. *Canfield,* 2 *Conn. Rep.* 485.

2. That the actual value of the lumber at the stipulated time and place of delivery, ought to be taken as the basis of the allowance to the defendant ; for this is the true measure of the loss sustained by him, by the non-fulfilment of the contract on the part of the plaintiff. [Not much insisted on.]

*L. Church,* for the plaintiff.

CHURCH, J. The plaintiff prosecutes this action on book, against the defendant, for the recovery of the price of a quantity of lumber sold by him to the defendant, and by the defendant received and disposed of. Auditors were appointed, by the superior court, to adjust the accounts of the parties, who reported, that the lumber in question was delivered upon a special written contract, by which its prices and quality were stipulated ; that the quality of the lumber delivered was inferior to that promised by the contract, and was worth no more than 9 dollars *per* thousand feet, instead of 10 dollars, the contract price. And this difference the auditors have deducted from the amount of the plaintiff's claim under the contract, leaving due to him the sum of 237 dollars.

In producing this result, the auditors have proceeded upon a principle, which, though formerly doubted, is now well established ; that in an action to recover the stipulated price of property sold, which proves inferior in quality to that bargained for, an allowance to the defendant may be made, in the assessment of damages, of such an amount as constitutes the difference between the price agreed and the value of the estate sold. And the rule is the same, whether the action be for goods, &c. sold and delivered, or upon the bill or note given for the stipulated price ; although in *England*, in this latter respect, a distinction has been recognized, as we believe, without any substantial difference. *Basten* v. *Butter*, 7 *East*, 479. *Okell* v. *Smith* & al. 1 *Stark. Ca.* 107. (2 *Serg. & Lowb.* 316.) *Germaine* v. *Burton*, 3 *Stark. Ca.* 32. (14 *Serg. & Lowb.* 152.) *Poulton* v. *Lattimore*, 9 *Barn. & Cres.* 259. (17 *Serg. & Lowb.* 373.) *Loomis* v. *Tucker*, 4 *Car. & Payne*, 15. (19 *Serg. & Lowb.* 255.) *Street* v. *Blay*, 2 *Barn. & Adol.* 456. (22 *Serg. & Lowb.* 122.) *Cutler* v. *Close*, 5 *Car. & Payne*, 337. (24 *Serg. & Lowb.* 348.) 2 *Stark. Ev.* 645. *Nichols* v. *Alsop*, 6 *Conn. Rep.* 477. *Cook* v. *Mix*, 11 *Conn. Rep.* 432. *Spalding* v. *Vandercook*, 2 *Wend.* 431. *Burton* v. *Stewart*, 3 *Wend.* 236. *Reab* v. *McAllister*, 8 *Wend.* 109.

At the hearing before the auditors, the defendant has had the full benefit of this equitable principle ; and, by the award, has been required to pay no more than the real value of the lumber he received. But he is not satisfied with this ; and now claims a further allowance in reduction of the plaintiff's

demand, to the amount of 175 dollars, as damages, which he supposes he has sustained in the loss of the sale of the lumber at a profitable advance; as we infer from the special report of the auditors, and the finding of the court thereon. We have not been referred to any case, nor do we know of any principle, which will sanction this claim.

Litchfield,
June, 1837.

McAlpin
v.
Lee.

If the defendant had paid the contract price, and had then instituted his action to recover his damages for the breach of the contract, we are not prepared to say, that in such action the rule of damages would have been such as the defendant here claims; for we do not think the defendant would have been responsible for any collateral loss or damage not naturally resulting from the breach of contract complained of. *Gregory* v. *McDowell*, 8 *Wend.* 435. 3 *Wheat.* 546. 5 *Wheat.* 385. *Hopkins* v. *Lee*, 6 *Wheat.* 109. *Bell* v. *Cunningham*, 3 *Peters*, 69. 1 *Peters' Cond. Rep.* 538. *in notis.* 2 *Stark. Ev.* 359. *Chitt. on Cont.* 137. 340. In the case of *Gilpins* v. *Consequa*, 1 *Peters' C. C. Rep.* 55. the court says : " In estimating the damages sustained, by a breach of contract, the plaintiff is not to recover what he might have made, had the agreement been literally fulfilled."

In the case of *Green* v. *Pratt*, 11 *Conn. Rep.* 205. we decided, that a claim of damages for the breach of a special contract, could not be recovered in an action on book, either in the character of a charge on book by the plaintiff, or in reduction of charges made by a defendant.

We shall, therefore, advise the superior court, that judgment be rendered in favour of the plaintiff for the sum of 237 dollars, found due by the auditors, without reference to the claim of the defendant founded upon the special finding of the auditors.

The other Judges concurred in this opinion.

Judgment for the plaintiff.