McKinney, J.,
delivered the opinion of the court.
This was an action of debt in the circuit court of Giles, brought upon a bill single for $393.00, executed by Ezell to Eranldin on the 6th of May, 1851.
This note formed in part the consideration agreed to be paid for a female slave, purchased by Ezell from the agent of Eranldin. The purchaser was in the State of Mississippi on the day the note bears date. Eranldin was a resident of Tennessee, and on the 21st of April, 1851, he gave a written authority to Eitzpatrick “to sell and dispose of” said slave, in pursuance of which the agent made the sale to Ezell at the price of $100, and executed a bill of sale in the name of his' principal, without seal, warranting said slave “to be sound and healthy.”
The proof shows that on the next day after the sale, the slave was examined by the physicians, and was found to be laboring under unibilioal h&rnia in a most aggravated form, and to such extent as in the opinion of the physicians to be incurable, and to render the slave almost, if not altogether valueless.
*499 Tbe evidence tends to establish that the agent, on his way to Mississippi with the slave,' became fully aware of her diseased condition, if not informed of it before; and from all the circumstances of the case, it is fairly to be presumed that the injury to the slave, which perhaps had been of recent origin, was perfectly well known to Eranklin, and was the sole cause for sending her off to be sold. A special plea, setting up the fraud and failure of consideration, was pleaded in bar of the action, upon which issue was joined. The jury found the issue in favor of the defendant, and a new trial being refused, an appeal in error was prosecuted to this court. Several objections have been urged against the judgment in the argument here, none of which in our opinion are tenable.
1. There can be no doubt but that in the present state of our law, the matter of the plea in bar constitutes an admissible defense to an action at law upon a Mil single. Prior to the act of 1850, ch. 60, § 1, the consideration of a bond or other sealed instrument could not, in general, be enquired into in an action at law founded thereon, and the party was driven to seek relief in a court of equity. But that statute provides that in all suits thereafter brought in the circuit court, or before a justice of the peace, “upon any bill single, bond, or other instrument under seal, ” the defendant “ may plead and give in evidence, all matters of defense in such suit, which, by the existing lawá and rules of evidence, ” he “might,plead or give in evidence in a suit upon any similar instrument not under seal.”
Now, in an action upon a simple contract, it is well settled, that when there is a total failure of considera *500 tion, tbe contract as between tbe immediate parties may be avoided, and treated as if there never bad been any consideration whatever. So when goods are sold under a warranty that they are of a particular kind or quality, or adapted to a particular use, and they turn out to be utterly valueless, and not to answer tbe description, tbe contract is at an end, and they need not be even returned. 9 Barn. & Cres., 259. Story on Con., Sd ed., § 480. Meigs’ Rep., 155.
In an action on a promissory note given for tbe price of goods sold with a warranty, it is a good defense that tbe goods turned out to be of no value. It is otherwise, of course, when tbe seller has made no warranty, and practiced no fraud. Chitty on Con., 463, note 1. But unless tbe property be utterly valueless, it would seem that it must appear that it was returned, or an offer made to return. 3 Wend. Rep., 236.
2. It is clear that tbe authority to sell and dispose of tbe slave, conferred upon tbe agent full power to make a warranty. When an agent is authorized to do a certain act, be is impliedly invested with authority to do all that is necessary and usual to effect tbe object of tbe agency, and all tbe means justified by usage in such cases may be employed by him, unless such implied authority be expressly negatived by tbe principal. Chitty on Con., 219.
3. It is equally clear that tbe fraud of an authorized agent will avoid a contract entered into by him in behalf of bis principal. Although tbe misrepresentation may have been unauthorized, yet if tbe principal ratify tbe contract, he will be bound thereby, for be cannot make tbe contract his own by availing himself of its *501 benefit, and at tbe same time avoid being responsible for tbe fraud wbicb forms tbe basis of it. He must adopt or reject tbe contract m toto. Story on Con., § 496. Other minor objections need not be noticed.
There is no error in tbe record, and tbe judgment is affirmed.