William Taylor, plaintiff in error, *vs.* Samuel Griswold, defendant in error.

In a writ by the vendor of a warranted article, it is competent for the purchaser in all cases to prove a breach of the warranty in reduction of the damages, and the sum to be recovered for the price of the article will be reduced by so much as the article is diminished in value by the non-compliance with the warranty.

Complaint, in Wilkinson Superior Court.  Tried before Judge Harris, at the October Term, 1860.

This was an action brought by Samuel Griswold against William Taylor, to recover the sum due on the following agreement, to-wit:

"Received of Samuel Griswold, Griswoldville, Georgia, one forty-saw cotton gin, for which I promise to pay $80 00 by the 1st day of January, 1858. The gin warranted to perform well, with good usage and proper attention.

"WILLIAM TAYLOR.

"October 14th, 1857."

The defendant pleaded a total and partial failure of the consideration of the agreement sued on, resulting from a failure of the gin to perform as warranted.

On the trial of the case in the Court below, the plaintiff introduced the agreement sued on, and closed.

In behalf of the defendant, it appeared from the evidence, that the gin was not a good gin; that in November, 1857, five bales of cotton were ginned upon it, and the cotton was so cut up or knapped in ginning as to injure the sale of it one cent in the pound, and that the five bales thus injured weighed, in the aggregate, two thousand pounds.

When the testimony had closed, the counsel for defendant requested the presiding Judge to charge the jury: "That the principles of law enunciated in the case of Wright vs. Findley, decided by the Supreme Court of Georgia, and reported in the 21st volume, page 59, of the Georgia Reports, were applicable to this case," which the Judge refused to charge, but charged the jury:

"That they must be satisfied, from the evidence, that Taylor, upon the trial of the gin to see whether it performed well, upon its failure to satisfy him, did, in a reasonable time thereafter, notified the plaintiff of the fact, or tendered the gin back; that unless one or the other was done by Taylor, he can not avail himself of his pleas in this case, and the plaintiff is entitled to recover the amount of the written instrument sued on."

The jury returned a verdict for the plaintiff for $80 00,

Taylor *vs.* Griswold.

with interest and cost, and counsel for defendant moved for a new trial on the grounds:

1. Because the Court erred in charging, and refusing to charge as before stated.

2. Because the Court erred in deciding, that neither the plea of total, or partial failure of consideration, or breach of warranty could avail the defendant in this case, unless the plaintiff was notified of the failure, or breach of warranty, within a reasonable time, and defendant had offered to rescind the contract, by returning the article, and that it was upon the defendant to show the notice or offer to rescind before his pleas could avail him.

The presiding Judge refused the new trial, and that refusal is the alleged error.

N. A. CARSWELL, for plaintiff in error.

E. CUMMING, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Where the vendor of a warranted article, whether it be a specific chattel or not, sues for the price or value, it is competent for the purchaser, in all cases, to prove the breach of the warranty in the reduction of the damages, and the sum to be recovered for the price of the article will be reduced by so much as the article is diminished in value by the non-compliance with the warranty. Wright vs. Findley, 21 Ga. R., 68, and cases there cited. The charge of the Court below being in conflict with this principle, was erroneous.

The Court below was evidently misled by the apparent similarity between this case and that of Griswold vs. Scott, 13 Ga. R., 210. Upon a careful consideration of that case it will be seen, that the principles controlling the two cases are entirely different. The sale in Griswold vs. Scott was a qualified or conditional one, depending upon the gin's performing well, upon trial by the vendee. The rule in such case is as stated by the Court in that case, that the vendee upon trial, within a reasonable time, of the thing sold, must

give notice, or offer to return the article to the vendor, otherwise he will be held concluded to the sale. Chitty on Con., 460, 461 ; Adams vs. Richards, 2 H. Blk., 573.

The case before the Court is one of common sale with warranty, in which, in case of a breach of warranty, the vendee may keep the article warranted, and in that event " the price will be reduced by so much as the thing is diminished in value by the non-compliance with the warranty, or he may return the goods without delay. This will be a rescinding of the sale, and he may sue for the price, if he has paid it, or defend against an action for the price, if one be brought by the seller." 1 Pars. on Con., 474.

Let the judgment be reversed.