FLORENCE OIL & REFINING CO. v. FARRAR et al.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1901.)

No. 1,414.

1. PLEADING—SUFFICIENCY OF ANSWER—COLORADO CODE.

Under the Code of Colorado, which requires new matter pleaded as a defense or counterclaim to be stated in ordinary and concise language, and provides that on motion the court may require a pleading to be made more definite and certain, or a bill of particulars to be filed, an answer is not demurrable which alleges the ultimate facts constituting a defense; and, where issue is joined thereon by reply without any motion to have the allegations made more specific, the defendant is entitled to prove thereunder the specific facts which tend to support its allegations.

2. SAME—PARTIAL DEFENSE.

In an action to recover the purchase price of steam boilers, the answer pleaded as a partial defense that by the contract of sale the boilers were warranted to be of the best quality of workmanship and material, but that, on being put into service, they were found to be of inferior quality, both in workmanship and material, and alleged the difference in value between the boilers as sold and as delivered. *Held*, that such answer, especially under code practice and pleading, was sufficient to entitle defendant to show by way of reduction of plaintiff's recovery the diminished value of the boilers by reason of defective workmanship and material.

3. TRIAL—RIGHT TO OPEN AND CLOSE CASE.

Under the settled rule of the federal courts that the determination of the right to open and close a case rests largely in the sound discretion of the trial court, it is not an abuse of such discretion which can be assigned as error that a court accorded the right to open and close to plaintiff in an action to recover the price of machinery to which defendant pleaded a partial defense, where the answer did not contain an unequivocal admission of the sale and delivery of the machinery.

In Error to the Circuit Court of the United States for the District of Colorado.

T. M. Patterson, E. F. Richardson, and H. N. Hawkins, for plaintiff in error.

Henry T. Rogers, Lucius M. Cuthbert, and Daniel B. Ellis, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge. This suit was instituted to recover the purchase price of certain engines and boilers alleged to have been sold and delivered by the defendants in error, who were the plaintiffs below, to the plaintiff in error, who was the defendant below. The answer, so far as the purposes of this case require any consideration of it, admits the purchase by and delivery to the defendant of the engines and boilers in question, but alleges that the plaintiffs agreed, as a part of the consideration for the payment of the agreed price therefor, that the engines and boilers should be, among other

stipulated requirements, of the best quality of workmanship and material; that defendant was unable, at the time of receiving them, to determine whether they conformed to plaintiffs' agreement, but afterwards, and upon putting them into service, found them to be of inferior quality, both of material and workmanship, and alleges they did not conform in either of these respects to plaintiffs' agreement; and, after stating the difference in value between the boilers as sold and as delivered, offers to let judgment be rendered against it for the price originally agreed upon, less the amount of such difference in value. In other words, the defendant pleads that the boilers did not conform to the agreement of sale, and seeks to recoup therefor in this action instituted for the recovery of the purchase price. In the progress of the trial certain evidence was offered by defendant tending to show that, as soon as the boilers were put to work, they were found to be so improperly caulked that water and steam escaped from them through the seams and rivets, that the stay rods were not properly or securely fastened in the boilers, and that the flue sheet was too thin. Plaintiffs' counsel objected to this kind of evidence on the ground assigned by them that the allegations of the answer were not sufficiently specific to warrant the introduction of evidence to show that the boilers were of an inferior grade of workmanship and material. The trial court sustained this objection, and refused to permit the defendant to make proof of defects in the workmanship or material of the boilers, and also refused to permit the defendant, upon its application, to amend its answer so as to specify any such defects. The trial court based this ruling solely on the ground that such evidence was not admissible under the pleadings as they stood. The court said, addressing counsel for defendant: "You have not said anything in your answer about leaky boilers, nor did you say anything about the deficient flue-sheet. * * * I think you should have alleged that particular defect on which you relied,—that the flue sheet was too light, and that the boilers were leaky. Not having alleged that, I think this evidence cannot stand." Thereupon the court said to the jury, "The defendant is left without any defense," and directed a verdict for plaintiffs for the full amount sued for. To these several rulings the defendant duly excepted, and has assigned them, among others, for error.

The Code of Colorado requires that an answer shall contain— First, a general or specific denial of each material allegation in the complaint intended to be controverted; and, second, "a statement of any new matter constituting a defense or counterclaim in ordinary and concise language, without unnecessary repetition." This has been held in Colorado and in all code states, so far as we are advised, to require only the statement of ultimate facts, and does not require or justify the statement of details of evidence to prove the ultimate facts. The issue tendered by the answer was that the boilers in question were not of the best quality of workmanship or material, as required by the contract of sale. This answer, in our opinion, set up a good defense, and was not demurrable on the ground that it did not state facts sufficient to constitute a defense.

The ultimate fact to be established by proof was whether the boilers were or were not of the best quality of workmanship and material. The evidence excluded by the trial court tended to show that they were not, and should, in our opinion, have been admitted.

It is suggested in brief of counsel for defendants in error that the allegations of the answer are so general as to throw no light on the true ground of dissatisfaction. Even if that were true, the remedy was not by a motion to exclude evidence on the trial or for an instructed verdict. A good ground for recoupment of damages had been pleaded. The ultimate facts entitling defendant to such recoupment had been stated, and, if plaintiffs required more light concerning the details of the alleged bad workmanship or material, they had statutory process for securing it. Section 60, Mills' Ann. Code, provides:

"When any pleading is too general in its terms to be readily understood, the court may, on motion, require the same to be made more specific and certain, or may require a bill of particulars to be filed therewith."

Instead of presenting a motion for more particular facts concerning the defective workmanship or material of the boilers, plaintiffs, by their replication, joined issue with defendant on the general charge of defectiveness. It was too late for them at the trial, when defendant had taken them at their word, and had acted on their tacit consent to try the issue as joined, to complain for the first time of indefiniteness or uncertainty, merely, in the statement of the defense.

It is next urged that defendant is not entitled to recoup damages (after having accepted the machinery purchased) for the breach of the warranty in question, because the answer, in the language of counsel "does not count upon any breach of contract, nor allege that plaintiff has been damaged, nor pray for damages, nor ask to have damages sustained by it set off against the purchase price." This view was not presented to the trial court, and might, with propriety, now be ignored by us, but, as we have considered it, we deem it is proper to say that we are unable to appreciate the exact meaning or applicability of counsel's proposition. The answer, as already seen, undoubtedly seeks to recoup damages sustained by defendant by reason of alleged breach of the warranty made by plaintiffs concerning the character of the workmanship and material of the boilers in question. This answer was not, in terms, called a "set-off," or "counterclaim," or "recoupment," and perhaps was not technically pleaded as such; but, whatever it might have been styled, it was in fact a statement of such facts as entitled the defendant to diminish the plaintiffs' amount of recovery; and, even if it be conceded that it was inartificially drawn, it was never challenged by any motion to make it more specific or certain. But it was not, in our opinion, obnoxious to any such criticism. The answer, especially under code practice and pleadings, was entirely sufficient to entitle the defendant to show, by way of reduction of plaintiffs' recovery, the diminished value of the boilers in question, occasioned by the defective workmanship or material complained of. Winder v. Caldwell, 14 How. 441, 14 L. Ed. 487; Withers v. Greene, 9 How.

219, 228, 13 L. Ed. 109; Railroad Co. v. Smith, 21 Wall. 255, 22 L. Ed. 513; Perley v. Balch, 23 Pick. 283, 286, 34 Am. Dec. 56; Taylor v. Griswold, 32 Ga. 569; McAlpin v. Lee, 12 Conn. 129, 30 Am. Dec. 609; Avery v. Brown, 31 Conn. 398. The case of Philip Schneider Brewing Co. v. American Ice-Mach. Co., 23 C. C. A. 89, 77 Fed. 139, chiefly relied upon by counsel for defendants in error, gives no countenance to their contention. In that case the defendants stated with great particularity the parts of the machine which it claimed to be defective, and, although the answer also contained a general denial, it was held that the defendant could make proof only of the specific defects mentioned. The court, speaking by Caldwell, J., in that case said:

"It may be assumed that this clause of the answer [referring to the general denial], standing alone, was a good general denial, and that, if the defendant had said nothing more in its answer, it would have raised an issue as to the sufficiency of every part of the plant. But the defendant was not content to rest on this general denial. It afterwards chose to make its general denial specific, and to point out with great particularity the parts of the ice machine which it claimed were defective."

Such being the case, the court held that the defendant was limited to proof of the particular defects pointed out, and that the general denial gave it no greater latitude. That case, instead of being at all inconsistent with the conclusion reached in this case, is in perfect correspondence with it.

The relevancy and competency of certain questions put to witnesses for the defendant, which were made the subjects of assignments of error, will readily be determined by the principles already announced, and need no further consideration at our hands.

Inasmuch as the case must be tried again, we deem it proper to express our opinion on the first error assigned, namely, that the court erred in not permitting the defendant to open and close the case. It is well settled in the courts of the United States that the determination of the right to open and close a case rests largely in the sound discretion of the trial court. Lancaster v. Collins, 115 U. S. 222, 6 Sup. Ct. 33, 29 L. Ed. 373; Hall v. Weare, 92 U. S. 728, 23 L. Ed. 500; Day v. Woodworth, 13 How. 363, 14 L. Ed. 181. The pleadings disclose that the admission of the sale and delivery of the engines and boilers in question was rather argumentative in its character. The answer contains at least a denial that the engines and boilers delivered were the ones which were ordered. From these circumstances it appears that there was no abuse of discretion by the trial court in according to the plaintiffs the right to open and close the case.

For the reasons hereinbefore stated, the judgment of the trial court must be reversed, and the cause remanded for a new trial.